**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN NANNI,<br>an individual,<br><br>      Plaintiff,<br><br>v.<br><br>MERION, LLC,<br>a Delaware Limited Liability Company,<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)   Case No:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>/ |

## COMPLAINT

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues MERION, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

4.  MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

1

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, MERION, LLC, (hereinafter referred to as "DEFENDANT") is a Florida Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Friendly's restaurant, generally located at 318 N. Dupont Highway, Dover, Delaware 19901 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a restaurant, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. NANNI has attempted to visit the Property several times during the past year, regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

11. During his attempted visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.302 et seq. by excluding and/or

denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992.  These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

      A.    Plaintiff encountered inaccessible disabled use parking near the front entrance of the Property due to a failure to provide full width access aisles, excessive slopes within the spaces, built up curb ramps which protrude into the spaces and a failure to provide any van access spaces.  This forced Mr. Nanni to utilize extra caution in loading and unloading from his vehicle to avoid the heightened risk of a fall.

      B.    Plaintiff encountered inaccessible curb ramps near the front entrance due to ramps which have excessive slopes and ramps which protrude into the disabled use parking spaces.  This forced Mr. Nanni to utilize extra caution maneuvering from his parked vehicle to the restaurant entrance.  Importantly, Mr. Nanni could not use the ramps without assistance for fear of serious injury.

      C.    Plaintiff encountered inaccessible routes from the curb ramps to the Property entrance due to excessive sidewalk slopes with a lack of handrails.  This issue forced Mr. Nanni to use extreme caution maneuvering from the curb ramps to the Property entrance and increased his risk of a fall.

      D.    Plaintiff encountered an inaccessible front entrance into the Defendant's restaurant due to the lack of a level landing at the door. This issue made it difficult for Mr. Nanni to open the door without sliding backwards down the sloped sidewalk and increased his risk of a fall.

      E.    Plaintiff is aware that the restroom inside the restaurant is not accessible due to narrow dimensions, lack of grab bars around the toilet, and improper placement of fixtures. Due to this issue, Mr. Nanni is unable to use the restroom.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: April 19, 2018

          Respectfully Submitted,

        By: */s/ David T. Crumplar*
          David T. Crumplar (#5876)
          Jacobs & Crumplar, P.A.
          *Of Counsel*
          750 Shipyard Drive
          Suite 200
          Wilmington, DE 19801
          Tel.: (302) 656-5445
          Fax: (302) 656-5875
          E-Mail: davy@jcdelaw.com

           -and-

          KU & MUSSMAN, P.A.
          18501 Pines Blvd, Suite 209-A

Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512